UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

WILLIAM DESENA and
SANDRA W. DUNHAM,
**Plaintiffs**

Civil Action No.  1:11-cv-00117-GZS-DBH-BMS

Vs.

STATE OF MAINE, PAUL LEPAGE,
KEVIN RAYE, ROBERT NUTTING,
CHARLES E. SUMMERS, JR.,
**Defendants**

### MOTION TO INTERVENE   R.24, F.R.C.P., AND INCORPORATED MEMORANDUM OF LAW

NOW COMES the Maine Democratic Party, by and through its undersigned counsel, and moves to intervene in the above-captioned case and to file the attached Answer, pursuant to Rule 24, F.R.C.P., on the following grounds:

1. The Maine Democratic Party is the state branch of the National Democratic Party, with headquarters at 16 Winthrop Street, P.O. Box 5258, Augusta, Maine.

2. Plaintiffs' Complaint requests that the three-judge court take the unusual action of redrawing the lines between Maine's two Congressional Districts.

3. No constitutional violations have been found in the current apportionment of the two Congressional Districts in Maine established by law in 2003.

4. The United States Constitution, art. I, sec.4, cl.1, delegates to the states the responsibility for determining the times, places and manner of holding elections for Members of Congress, and this provision has been interpreted to allow the states to set the boundaries of the various Congressional Districts with a frequency that takes into account the "need for stability and continuity in the organization of the legislative system." *Reynolds v. Sims*, 377 U.S. 533, 583 (1964).

5. The Maine Legislature has established a detailed procedure for the drawing of Congressional District lines. 21-A M.R.S. sec.1206.  Maine's procedure employs a bipartisan commission described in Article IV, Part Third, Section 1-A of the Maine Constitution.

6. The commission that conducts redistricting under Maine law consists of an equal number of members of the majority party and the minority party of the House, an equal number of members of the majority party and the minority party of the Senate, the chairperson of each of the two major political parties in the State or their designated representatives, and three members from the general public, two of whom are selected by the political party members.

7. Maine law allows the apportionment commission 120 days from the convening of the legislative session to submit an apportionment plan, ensuring that "each congressional district is formed of compact and contiguous territory and crosses political subdivisions the least number of times necessary to establish districts as equally populated as possible." 21-A M.R.S. §1206(1). The plan is subject to approval by the Governor.

8. A citizen or group of citizens may challenge a legislative apportionment plan in the Maine Supreme Judicial Court. 21-A M.R.S. §1206(3).

9. If the Legislature fails to make an apportionment within 120 calendar days of convening, the Maine Supreme Judicial Court may make the apportionment, taking into consideration "plans and briefs filed by the public with the court during the first 30 days of the period in which the court is required to apportion." 21-A M.R.S. §1206(2).

10. Plaintiffs' Complaint is dated March 28, 2011. The statutory adjournment date of the current session of the Maine Legislature is June 15, 2011. The current proceeding allows little or no time for legislative action should this Court find constitutional flaws with the current time frame for Congressional redistricting.

11. In every instance, both major political parties have been key participants in redistricting, and members of the public have had the right to object and be heard.

12. All of the public officials named as defendants in this Complaint are prominent members of the Republican Party; no members of the Democratic Party are currently parties to the suit.

13. Plaintiffs' Complaint seeks remedies that conceivably would shorten the redistricting process, potentially undermining the need for a thoughtful, methodical, and fully bipartisan process, with full opportunity for public input.

14. The Maine Democratic Party and the approximately 300,000 Maine citizens whom it represents, including the 2 individuals who represent Maine in the United States Congress, have a significant interest in the subject matter of this proceeding, which interest is not represented by the existing parties in the suit, such that intervention is required pursuant to Rule 24(a)(2), F.R.C.P.

WHEREFORE, the undersigned respectfully moves that the court permit the Maine Democratic Party to intervene and to file the attached Answer and be heard on the substantive issues in the case and on any proposed remedy should the Court find constitutional infirmities with the current apportionment schedule.

Dated April 26, 2011

Respectfully submitted,

s/s Janet T. Mills
Preti Flaherty Beliveau & Pachios, LLP
45 Memorial Circle
P.O. Box 1058
Augusta, ME  04332-1058
Email:  jmills@preti.com
Telephone:  207-623-5300

4

## **CERTIFICATE OF SERVICE**

I, Janet T. Mills, hereby certify that I electronically filed Defendant's Motion to Intervene and attached Answer with the CM/ECF system, which will send notification of such filing(s) electronically to the following: Timothy C. Woodcock at twoodcock@eatonpeabody.com, William J. Schneider, Attorney General at william.j.schneider@maine.gov, and Paul Stern, Assistant Attorney General at paul.d.stern@maine.gov.

Respectfully submitted,

Dated April 26, 2011

s/s Janet T. Mills_____
Preti Flaherty Beliveau & Pachios, LLP
45 Memorial Circle
P.O. Box 1058
Augusta, ME 04332-1058
Email: jmills@preti.com
Telephone: 207-623-5300